UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-657-GW(PLAx) | Date | May 20, 2013 |
| Title | *Ady Gil, et al. v. Sea Shepherd Conservation Society, et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Mark C. Mazzarella    Charles P. Moure

**PROCEEDINGS:**   **DEFENDANTS' MOTION TO DISMISS (filed 03/13/13)**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the Tentative and for reasons stated on the record, the Defendants' motion is GRANTED WITH LEAVE TO AMEND. Plaintiffs will have two weeks from the date of this order to **manually** file a First Amended Complaint.

: 07

Initials of Preparer  JG

*__Gil, et al. v. Sea Shepherd Conservation Soc'y__*, Case No. CV-13-657 GW (PLAx)
Tentative Ruling on Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), 12(b)(7), and 12(b)(1)

**I. Background**

The Court has now determined that it has personal jurisdiction over both Sea Shepherd Conservation Society ("Sea Shepherd") and Paul Watson ("Watson") (collectively, "Defendants"). It consequently returns to the remaining issues raised by Defendants' motion to dismiss filed March 13, 2013. The underlying allegations' general tenor was summarized in the Court's April 11, 2013 Tentative Ruling, *see* Docket No. 17, at 1-2, and will not be repeated here.

**II. Analysis**

    A. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to

1

state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    B. <u>Breach of Written Contract</u>

    Defendants argue that Plaintiffs' breach of written contract claim is deficient because Plaintiffs have neither attached the alleged written contract nor pled its legal effect, and because Plaintiffs have confusingly referenced five different documents. Defendants contend that none of those five documents evidence mutual consent, question what the consideration could be for the five documents, and characterize the parties' discussions as merely preliminary negotiations, or an agreement for future negotiations.

    Plaintiffs respond that the parties' agreement was partly oral and partly written, and that there were fundamental aspects of the agreement that never changed, even if the documentary means used to effect that agreement did: that Gil was to have a 20-year right to the naming of a ship in his honor, that upon certain contingencies his donation would be converted into a loan, and that the *Ady Gil* would be taken to Israel for Gil's father to see. According to Plaintiffs, the change in effectuation occurred because it became necessary for Gil to purchase Earthrace itself in order to avoid delaying the transfer of the ship's flag to Sea Shepherd and in order to avoid Sea Shepherd running afoul of non-profit rules and limitations. *See* Complaint ¶¶ 24-25, 27-28. The rescission of the October 8, 2009 letter occurred as part of the process of making this change happen, and Plaintiffs assert there was no discussion or mention of any intent, as part of that rescission, to change the aforementioned basic terms in the parties' earlier letters. *See id.* ¶ 26. Gil therefore believed that any new agreement would contain those terms,

*see id.* ¶¶ 26, 29, and asserts that he had no chance to review the rescission agreement with a lawyer because it was given to him at the airport as he was waiting to board a flight to New Zealand, *see id.* ¶ 27.

"The essential elements of a claim of breach of contract, whether express or implied, are the contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and the resulting damages to plaintiff." *San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*, 213 Cal.App.4th 418, 439 (2013). Plaintiffs have plainly alleged that the five written documents, taken together, constitute the written contract they had with Sea Shepherd,[1] have identified six promises Defendants made by way of this contract, and have identified the several different ways in which Defendants allegedly breached the contract. *See* Complaint ¶¶ 35-36, 38; *see also id.* ¶¶ 18, 20-21, 25, 30-32, Exhs. A-B. Defendants have not directed the Court to any Ninth Circuit decision that requires Plaintiffs – in federal court – to have attached the "contract" to their Complaint. *See N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F.Supp.2d 1112, 1122 (S.D. Cal. 2010) (acknowledging permissibility of pleading contract "by its legal effect," which requires that the "substance of [the contract's] relevant terms" be set forth). The consideration plainly consists of the $1,000,000 Gil contributed and/or Gil's/Earthrace's provision of the ship, which Gil had purchased by way of his $1,000,000 purchase of Earthrace. *See, e.g., id.* ¶¶ 19-20. Finally, the Court cannot judge the validity of the rescission agreement on the basis of the pleadings alone. In short, Defendants' arguments cannot prevail on this motion.[2]

C. Breach of Oral Contract

Defendants offer the same arguments for why Plaintiffs' claim for breach of oral contract is also deficient, and also contend that the claim is barred by the 2-year statute of limitations resident in California Code of Civil Procedure § 339. Plaintiffs respond that an oral agreement subsequently memorialized in writing gets a 4-year statute of limitation, which Plaintiffs assert they have alleged at paragraphs 35-36 of the Complaint. Defendants respond that Plaintiffs do not explain how they can seek damages under two

---

[1] Defendants have not argued the existence or effect of any integration clause.
[2] As presently pled, Plaintiffs' Complaint contains two distinct breach of contract claims – one for breach of a written contract, and one for breach of an oral contract. If, instead, Plaintiffs believe they have a *single* claim for breach of a partly written and partly oral contract, *see Lande v. S. Cal. Freight Lines*, 85 Cal.App.2d 416, 420 (1948), they may wish to make that clearer by way of an amendment.

3

separate claims regarding the same conduct so as to avoid the statute of limitations applicable to oral contract claims.

Plaintiffs' oral contract claim is based upon the same alleged promises and breaches as set forth above in connection with the written contract claim. *See id.* ¶¶ 41-44. Plaintiffs have not alleged or explained where any oral contract was *subsequently* memorialized such that it might enjoy the benefit of a longer statute of limitations. If anything, the "memorializations" here would appear to consist of *contemporaneous* writings, in which case Plaintiffs have a breach of written contract claim (or a claim for breach of a partly-written, partly-oral contract). But, unless Plaintiffs can explain away the lack of clarity on this point, Defendants would appear to be correct that any free-standing breach of oral contract claim would be barred by the applicable statute of limitations. *See* Cal. Code Civ. Proc. § 339(1); *see also Pietrobon v. Libarle*, 137 Cal.App.4th 992, 997 (2006) (applying written contract's four-year limitations period where there has been an agreement to a writing even though acceptance was oral or by act other than signing); *E.O.C. Ord, Inc. v. Kovakovich*, 200 Cal.App.3d 1194, 1198-1202 (1988). Under that scenario, Plaintiffs' second claim would likely be dismissed without leave to amend given that the *Ady Gil* sank on or about January 8, 2010, *see* Complaint ¶¶ 1, 6, and this case was not filed until January 7, 2013.

D. Fraud Claims

As to Plaintiffs' two fraud claims, Defendants argue that the representations at issue could not have been knowingly and intentionally false, because they could not have known that the boat would have a collision. Further, they argue that nonperformance alone cannot demonstrate fraudulent intent. They also argue that Plaintiffs have not alleged falsity, and could not allege justifiable reliance because they failed to read the rescission agreement.

Plaintiffs' fraud claim identifies six alleged misrepresentations: 1) "that the Ady Gil would be safeguarded to the extent possible while under the Defendants' control"; 2) "that [the Ady Gil] would be repaired if damaged"; 3) "that [the Ady Gil] would be returned after the term of the charter expired"; 4) "that another ship would be named the Ady Gil if the Ady Gil was lost at sea"; 5) "that the Ady Gil would be taken soon to Israel for Gil's parents to see"; and 6) that what Plaintiffs refer to as "the October

4

Contract" "had to be rescinded, requiring a new contract." *Id.* ¶¶ 47-48, 54; *see also id.* ¶ 20. The first five of these representations constitute false promises, as to which Plaintiffs must identify something more than a later failure to perform in order to properly allege a fraud claim. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal.4th 1169, 1183 (2013); *Lazar v. Superior Court (Rykoff-Sexton, Inc.)*, 12 Cal.4th 631, 638 (1996); *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30-31 (1985) (commenting that "proof that a promise was made and that it was not fulfilled is sufficient to prove fraud...is not, and has never been, a correct statement of the law" and specifically "disapprov[ing] the cases...to the extent they suggest otherwise"); *Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1088 (9th Cir. 2005); 5 Witkin, Summary of California Law: Torts (10th ed.) § 781, at 1131-32.

While Plaintiffs are correct that state of mind may be pled generally pursuant to Fed. R. Civ. P. 9(b), such an allegation still must meet the requirements of *Twombly* and *Iqbal*. *See, e.g., Tanedo v. East Baton Rouge Parish Sch. Bd.*, No. SA CV10-01172 JAK, 2012 U.S. Dist. LEXIS 175009, *22-27 (C.D. Cal. Oct. 4, 2012). The subsequent conduct Plaintiffs point to in order to support a trier of fact's conclusion that there was no intention to perform appears, according to Plaintiffs, in paragraphs 47 and 54-56 of the Complaint. But these allegations reflect, at most, only a later failure to perform the promises. *See also* Complaint ¶¶ 19, 22. Unless Plaintiffs offer some reason for the Court to believe that they have something other than mere non-performance to show any fraudulent promise, they will not be able to proceed with respect to five of the six alleged misrepresentations.

The last of the six alleged misrepresentations is not in the form of a false promise. Nevertheless, at a minimum, Plaintiffs have not pled facts demonstrating that the representation was in fact false when made. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (omitting internal quotation marks) (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Secs. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)). They only plead falsity on information and belief, and conclusorily at that. *See* Complaint ¶ 28; *see also id.* ¶¶ 24-25; *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (noting general rule that allegations of fraud based on information and

belief do not satisfy Rule 9(b) and, at a minimum, one pleading in this fashion "must state the factual basis for the belief"). Plaintiffs will be given leave to amend at least as to this sixth alleged misrepresentation.

    E.  <u>Conversion</u>

"Conversion is the wrongful exercise of dominion over the property of another." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (omitting quotation marks) (quoting *Oakdale Vill. Group v. Fong*, 43 Cal.App.4th 539, 543 (1996)). "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.*

Because of their conviction that the fraud claims should fail, Defendants argue that Plaintiffs cannot advance a conversion claim due to the fact that the loss or destruction of property due to negligence or no fault at all would mean there is no basis for a conversion claim. They also assert that the conversion claim would be displaced by Plaintiffs' negligence and contract claims. Plaintiffs respond that the conduct here involved an intentional act that was destructive of property, citing paragraphs 5 and 62 of the Complaint and that Defendants' "displacement" theory is unfounded. *See also* Complaint ¶¶ 6-7.

Plaintiffs plainly plead that the sinking of the ship was intentional. *See* Complaint ¶ 62; *see also id.* ¶¶ 5-9, 19. As such, regardless of what happens to Plaintiffs' fraud-based claims, Plaintiffs can state the necessary "wrongful act or disposition," and the conversion claim would not be simply subsumed by the negligence or contract-based claims. Defendants' motion is denied as to this claim.

    F.  <u>Unfair Business Practices</u>

To the extent Plaintiffs' unfair business practices claim is based upon fraud, Defendants take the position that Plaintiffs cannot state a claim because they have not alleged actual reliance or that the conduct was the immediate cause of Plaintiffs' injury. Instead, Plaintiffs have alleged only reliance by, and injury to, the non-party public. Defendants also assert that Plaintiffs may not obtain disgorgement of profits for an unfair business practices claim. Plaintiffs assert that they pled reliance in paragraph 19 of the Complaint (and take the opportunity to clarify that they are not bringing their claim on

behalf of the general public).

Because Plaintiffs have identified only injuries suffered by non-parties, Defendants argue that Plaintiffs have not demonstrated standing for this claim as well. Plaintiffs respond by pointing to the loss of their entire boat. Defendants are correct that Plaintiffs have no standing to pursue their unfair business practices claim, in the manner that it is currently pled. Plaintiffs have only identified the funds Defendants collected *following* the *Ady Gil*'s sinking as an unfair business practice, and there is no allegation that Plaintiffs contributed any of that post-sinking money. *See* Complaint ¶¶ 67-70. As such, Plaintiffs have not demonstrated the requisite injury-in-fact stemming from the alleged wrongdoing. *See Kwikset v. Superior Court (Benson)*, 51 Cal.4th 310, 320-21 (2011); Cal. Bus. & Prof. Code § 17204 (limiting suits, to the extent applicable here, to persons who have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition"). Moreover, as Defendants note, Plaintiffs may not force a disgorgement of profits by way of an unfair business practices claim. *See id.* ¶¶ 69-70; *see also Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008). This claim will be dismissed with leave to amend.

### G. Negligence Claims

With respect to Plaintiffs' negligence claims, Defendants argue that Plaintiffs have not alleged duty or breach, that the claim is barred by the applicable 2-year statute of limitations, that negligence *per se* is not an independent claim, and that there is no private right for criminal statutes such as California Penal Code § 594 governing criminal vandalism.

Plaintiffs respond that a general duty of care applied here, and that the intentional sinking, along with the removal of the ship's GPS locators to prevent recovery and salvage, were unreasonable acts in light of that duty. Plaintiffs also correctly argue that the statute of limitations for property damage is three years, not two. *See* Cal. Code Civ. Proc. § 338(c)(1) (setting three-year statute of limitations for "[a]n action for taking, detaining, or injuring any goods or chattels"); *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal.App.4th 1135, 1150 (2004). Finally, with respect to negligence *per se*, Plaintiffs note that they are not seeking recovery directly under the Penal Code, but are simply using it to establish the duty of care, as is customary in negligence *per se* cases.

*See* Cal. Evid. Code § 669.

Plaintiffs' negligence claim is a straightforward allegation of breach of the ordinary duty of reasonable care by virtue of the sinking of the *Ady Gil*. *See* Complaint ¶ 72. The claim will, therefore, survive the pleadings.

Plaintiffs' negligence *per se* claim relies upon California Penal Code § 594, *see* Complaint ¶ 75, which provides that one is guilty of vandalism where he, she or it maliciously damages or destroys personal property that is not his, her or its own. *See* Cal. Pen. Code § 594. Though a number of Ninth Circuit decisions have recognized negligence *per se* claims, under California law the doctrine is not an independent cause of action, but merely "operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal.App.4th 1256, 1285-86 (2006); *see also generally* 6 Witkin, Summary of California Law, Torts (10th ed.) §§ 871-75, at 100-07 (discussing negligence *per se*).[3] As such, it is arguably improper for Plaintiffs to have listed it as a *separate* claim in their Complaint. This does not necessarily mean that they may not rely upon the doctrine in support of their standard negligence claim (in addition to their reliance upon a standard duty of care), unless Defendants are correct that Plaintiffs simply may not rely upon section 594. *See Sanwal v. Cnty. of Sacramento*, No. 2:11-cv-0187 JAM KJN PS, 2011 U.S. Dist. LEXIS 68881, *25-28 & n.9 (E.D. Cal. June 27, 2011) (Newman, Mag. J.) (dismissing negligence *per se* claim based upon violation of Penal Code § 594, but allowing amendment so as to include allegations within negligence claim).

"By alleging negligence per se, a plaintiff 'is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action.'" *Hernandez v. Cnty. of Marin*, No. C 11-03085 JSW, 2012 U.S. Dist. LEXIS 51056, *15 (N.D. Cal. Apr. 11, 2012) (quoting *Spencer v. DHI Mortg. Co.*, 642 F.Supp.2d 1153, 1162 (E.D. Cal. 2009)). Defendants have not directed the Court to any

---

[3] The Ninth Circuit has never directly assessed whether "negligence *per se*" has life independent from "negligence" itself, but the question is essentially academic as there is no question that the doctrine/principle is an accepted one.

authority standing for the proposition that Plaintiffs may not make use of Penal Code § 594 as part of an effort to establish negligence *per se*.[4] Therefore, while Plaintiffs' *claim* for negligence *per se* would be dismissed without leave to amend, they may still make use of that theory within the context of their ordinary negligence claim.

### H. Punitive Damages

Defendants assert that Plaintiffs have no basis for their request for punitive damages, because the fraud claims fail and the remainder of the claims are contract-based claims. To the contrary, given that Plaintiffs' conversion claim would remain, they would still have a basis to pursue punitive damages regardless of what happens with their fraud claim. *See Brewer v. Premier Golf Props.*, 168 Cal.App.4th 1243, 1255 n.11 (2008); *Lackner v. North*, 135 Cal.App.4th 1188, 1212 (2006); *cf. Morgan Guar. Trust Co. of N.Y. v. Am. Savs. & Loan Ass'n*, 804 F.2d 1487, 1500 (9th Cir. 1986) (concluding that punitive damages were unavailable in connection with conversion claim only based on facts of case, not as matter of law).

### I. Indispensable Party

Defendants take the position that Pete Bethune, captain of the ship at the time of its collision, *see* Complaint ¶ 2, and party to the security and charter agreements, *see id.* ¶ 30, is an indispensable party, meaning that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). The Court already considered this argument in its April 11, 2013, Tentative Ruling. *See* Docket No. 17, at 11 n.10. It rejects it (at least for the time-being) for the reasons set forth therein.

### J. Leave to Amend

Defendants argue that leave to amend should be denied because Plaintiffs chose not to amend when Defendants confronted them with the problems during the meet-and-confer process. But the meet-and-confer process is obligatory; taking Defendants' argument to its logical result, no plaintiff would ever be given leave to amend when they have refused to accede to a Defendants' meet-and-confer-housed arguments in connection with a Rule 12(b)(6) motion. Such a refusal is simply not a reason to deny leave to amend where it is otherwise proper under controlling standards.

---

[4] *Ellis v. City of San Diego*, 176 F.3d 1183 (9th Cir. 1999), upon which Defendants rely, involved attempts to sue *directly under* 16 sections of California's Penal Code. *See id.* at 1189.

9

### III. Conclusion

Under the above analysis, unless convinced otherwise at oral argument the Court would dismiss Plaintiffs' claim for breach of oral contract and claim for negligence *per se* without leave to amend. As noted above, that is not to say that Plaintiffs' remaining breach of contract claim could not be amended so that it is more clearly a single claim based on a contract that was partly written and partly oral, nor is it to say that Plaintiffs cannot make use of a negligence *per se* theory in support of their negligence claim. Plaintiffs' two fraud claims and unfair business practices claim would be dismissed with leave to amend. In all other respects, the Court would deny the motion.